UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ABRAM BANKS (#206265)**                                    CIVIL ACTION

**VERSUS**

**LOUISIANA DEPARTMENT OF CORRECTIONS, ET AL.**          NO. 10-0560-RET-CN

<u>**NOTICE**</u>

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in chambers in Baton Rouge, Louisiana, March 30, 2011.

                                          **MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ABRAM BANKS (#206265)**                                              **CIVIL ACTION**

**VERSUS**

**LOUISIANA DEPARTMENT OF CORRECTIONS, ET AL.**          **NO. 10-0560-RET-CN**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the defendants' Motion to Dismiss, rec.doc.no. 18. This motion is opposed.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against the Louisiana Department of Public Safety and Corrections, Warden N. Burl Cain, and LSP Medical Director Dr. Jonathan Roundtree, complaining that the defendants have violated his constitutional rights through deliberate indifference to his serious medical needs. In his original Complaint, the plaintiff complained that he was improperly administered the Hepatitis B vaccine in December, 2006, and January, 2007, resulting in medical complications with which he is still suffering. He also asserted that there are "systemic deficiencies" in the provision of medical care to inmates confined at LSP relative to "communicating and obtaining adequate treatment for serious medical problems". However, inasmuch as the plaintiff's assertions in the latter regard were wholly conclusory and lacked any factual development whatever, the Court directed the plaintiff to file an Amended Complaint, setting forth "with greater specificity and greater factual detail his claims asserted against the defendants, including specific instances of alleged misconduct on specific dates and including factual allegations reflecting that the defendants have personally and directly participated in causing the damages claimed by the plaintiff herein." See rec.doc.no.

23. The plaintiff has now attempted to comply with this directive. See rec.doc.no. 24. However, as discussed below, the Complaint remains deficient and must be dismissed.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and more recently, in <u>Ashcroft v. Iqbal</u>, \_\_\_\_\_ U.S. \_\_\_\_, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" <u>Bell Atl. Corp. v. Twombly</u>, <u>supra</u>, <u>quoting</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). <u>See also</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Notwithstanding, although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must furnish "more than labels and conclusions" or the" formulaic recitation of the elements of a cause of action" in order to provide the "grounds" of "entitle[ment] to relief." <u>Bell Atl. Corp. v. Twombly</u>, <u>supra</u>. <u>See also</u> <u>Papasan v. Allain</u>, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The Court stated that there is no "probability requirement at the pleading stage," <u>Bell Atl. Corp. v. Twombly</u>, <u>supra</u>, but "something beyond ... mere possibility ... must be alleged." <u>Id.</u> The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its

face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, supra. Where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra. See also Bell Atl. Corp. v. Twombly, supra. Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, supra (citations omitted). However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. Fernandez-Montes v. Allied Pilots Assoc., 987 F.2d 278 (5th Cir. 1993).

Initially, the Court notes that although the plaintiff has named the Louisiana Department of Public Safety and Corrections ("LDOC") as a defendant herein, the Eleventh Amendment to the United States Constitution prohibits the filing, in federal court, of any lawsuit seeking monetary damages against an unconsenting state by her own citizens or by the citizens of other states. Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for the deprivation of civil rights under color of state law, brought pursuant to 42 U.S.C. § 1983. See Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); Fitzpatrick v.

Bitzer, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976); Edelman v. Jordan, supra. Thus, absent consent or waiver by the state, not here present, the State of Louisiana is immune from the plaintiff's claim asserted in this action. This shield of immunity extends to the LDOC as an arm or agency of the state. Anderson v. Phelps, 655 F.Supp. 560 (M.D. La. 1985). Therefore, the plaintiff's claims asserted against the Louisiana Department of Public Safety and Corrections are barred by the Eleventh Amendment and must be dismissed.

Turning to the plaintiff's claims asserted against the remaining defendants, Warden Burl Cain and Dr. Jonathan Roundtree, it appears from the plaintiff's Complaint that he has named these defendants in both their individual and their official capacities. Notwithstanding, § 1983 does not provide a federal forum for a litigant who seeks to recover monetary damages against a state officer who is acting in his official capacity, which officer is not seen to be a "person" under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Thus, it is clear that the plaintiff fails to state a claim for monetary damages under § 1983 against the defendants in their official capacities.[1]

With regard to the plaintiff's claims asserted against the

---

[1] In contrast, a suit against a state official in his individual or personal capacity, seeking to impose individual liability upon a government official for actions taken by the official under color of state law, is not treated as a suit against the state. Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Thus, a showing by the plaintiff that a defendant state official, acting individually and under color of state law, has caused the deprivation of the plaintiff's federal rights, is enough to establish personal liability in a § 1983 lawsuit. Id. Further, a state official in his or her official capacity, when sued for injunctive relief, is not a prohibited defendant because official capacity actions for prospective relief are not treated as actions against the state. Will v. Michigan Department of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989). See also 15 Am.Jur.2d Civil Rights § 101.

defendants in their individual capacities, the defendants contend that the plaintiff has failed to allege sufficient personal participation by them in any violation of the plaintiff's constitutional rights. In this regard, pursuant to well-settled legal principles, in order for a prison official to be found liable under § 1983, the official must have been either personally involved in conduct causing an alleged deprivation of an inmate's constitutional rights, or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. Lozano v. Smith, 718 F.2d 756, at 768 (5th Cir. 1983). Any allegation that the defendants are responsible for the actions of their subordinates or co-employees is alone insufficient to state a claim under § 1983. Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law. Lozano v. Smith, supra.

Applying this standard in connection with the plaintiff's claims asserted against defendants Cain and Roundtree, the Court concludes that the defendants' motion is well-founded. Other than in the Caption of the Complaint, as amended, and in the list of defendants, the plaintiff makes no mention of either defendant and makes no factual assertion whatever that these defendants have had any personal or direct involvement in his medical care and treatment, in December, 2006, in January, 2007, or thereafter. As the Warden and Medical Director at LSP, respectively, it is clear that these defendants stand principally in a supervisory role with regard to the operation of the prison, its medical department, and

its personnel.  See Thompson v. Steele, 709 F.2d 381 (5th Cir.), cert. denied, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983) ("Personal involvement is an essential element of a civil rights cause of action."). And although the plaintiff asserts that the defendants may have been placed on notice of his complaints through administrative grievances or sick call requests filed by him,[2] the law is clear that a claim that a defendant has not adequately investigated or responded to an inmate's complaints or grievances is not one of constitutional dimension and does not lead to a conclusion that the defendants were personally involved in the constitutional violation alleged.  See Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005) (finding no due process violation in the failure of prison officials to investigate or respond favorably to an inmate's administrative claim).  See also Anderson v. Pratt, 2002 WL 1159980 (N.D. Tex., May 29, 2002) (finding that the warden's review and denial of an inmate's grievance did not establish personal involvement on the part of the warden in the alleged deprivation of the inmate's constitutional rights).  Accordingly, the Court finds that the plaintiff has failed to sufficiently allege the personal participation of the defendants in the events alleged, and they are therefore entitled to dismissal from this proceeding.

Further, the plaintiff has not adequately pleaded the existence of any affirmative wrongful policies or practices at LSP which have resulted in his being denied adequate medical treatment.  To the contrary, the plaintiff's allegations in this regard are conclusory in the extreme and, as such, are not entitled to a presumption of truth when being evaluated in the context of a motion to dismiss.  See Ashcroft v. Iqbal, supra

---

[2] The plaintiff asserts, in a supplemental opposition to the defendants' Motion to Dismiss, that he made a sick call request "that asked to be examed by Doctor Roundree ... yet Dr. Roundtree failed to provide requested exam."

(finding that conclusory allegations of the existence of a wrongful policy were "not entitled to be assumed true"). Moreover, notwithstanding the Court's directive that the plaintiff provide "greater specificity and greater factual detail" regarding his claims, he has done nothing more than reiterate his claim that there are "systemic deficiencies" regarding healthcare provided at LSP. Specifically, despite notice and an opportunity to appear, he has provided no dates on which such deficiencies were allegedly manifested (other than on December 26, 2006 and January 18, 2007), and he has provided no factual allegations regarding the nature of such deficiencies. The most which he has alleged is that, were the Court to conduct a review "of sick call requests by other offenders", "of treatment by EMTs in the emergency room", and "of requests for administrative remedy by other offenders", such review would reveal the "systemic deficiencies" of which he complains. These conclusory assertions are insufficient to defeat the defendants' motion to dismiss.

Finally, although the plaintiff complains of the referenced "systemic deficiencies", it appears that his complaint centers principally, if not exclusively, around the alleged mis-administration of a vaccine by an unidentified nurse in December, 2006, and January, 2007. Not only is this claim likely barred by the passage of the one-year limitations period applicable to § 1983 claims in Louisiana, Elzy v. Roberson, 868 F.2d 793 (5th Cir. 1989),³ and not only is the referenced

---

³ Under federal law, a cause of action under 42 U.S.C. § 1983 accrues when the plaintiff knows of or has reason to know of the injury which forms the basis for his cause of action. Gartrell v. Gaylor, 981 F.2d 254 (5th Cir. 1993); Lavellee v. Listi, 611 F.2d 1129 (5th Cir. 1980). In the instant case, the date of accrual of the plaintiff's cause of action is not entirely clear because, although he asserts that he began to experience adverse medical consequences at or near the time of the alleged misapplication of the vaccine in December, 2006 or January, 2007,

nurse not named as a defendant in this proceeding, but in order to state a claim of improper or inadequate attention to medical needs under the Eighth Amendment, an inmate must assert both that appropriate care has been denied and that such denial has constituted "deliberate indifference to serious medical needs." Estelle v. Gamble, supra; Johnson v. Treen, 759 F.2d 1236 (5th Cir. 1985). Whether the plaintiff has received the treatment or accommodation that he feels he should have is not the issue. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Woodall v. Foti, 648 F.2d 268 (5th Cir. 1981). Nor do negligence, neglect, medical malpractice or unsuccessful medical treatment give rise to a § 1983 cause of action. Varnado v. Lynaugh, 920 F.2d 320 (5th Cir. 1991); Johnson v. Treen, supra. Rather, as stated in Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." The deliberate indifference standard sets a high bar to reach; the plaintiff must establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Domino v. Texas Dept. of Criminal Justice, 239 F.3d 752 (5th Cir. 2001).

Based upon the foregoing, it appears that the plaintiff has alleged, at most, a claim of negligence which is not actionable under § 1983. He does not allege that the unidentified nurse, or any other health care

---

suggesting that he may have been placed on reasonable notice of his injuries at that time, he further asserts that he did not become aware that the vaccine had been improperly administered until some time in 2010 when prison officials allegedly provided him with information indicating that the vaccine had not been administered in the proper manner.

provider at LSP, has intended to cause him harm since the alleged mis-administration of the plaintiff's Hepatitis vaccine in 2006 and 2007, or has intended to cause him harm since that time.  To the contrary, with regard to the alleged medical complications resulting from the improper application of the referenced vaccine, the plaintiff concedes that he has received continuing medical treatment at LSP for his complaints and that his condition has not been ignored.  Accordingly, the plaintiff's claim asserted against the defendants fails to rise to the level of a constitutional violation, and the defendants are entitled to judgment as a matter of law.

The plaintiff also seeks to invoke the supplemental jurisdiction of this court with regard to claims arising under state law.  District courts, however, may decline to exercise supplemental jurisdiction over a claim or claims if the claim raises a novel or complex issue of state law, if the claim substantially predominates over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.  28 U.S.C. § 1367.  In the instant case, inasmuch as the Court recommends dismissal of the plaintiff's federal claims asserted herein, it is appropriate that the Court decline to exercise supplemental jurisdiction over the plaintiff's state law claims.

## RECOMMENDATION

It is recommended that the Court decline to exercise supplemental jurisdiction over the plaintiff's state laws claims, that the plaintiff's claim asserted against the Louisiana Department of Public Safety and Corrections be dismissed based upon Eleventh Amendment immunity, and that the defendants' Motion to Dismiss, rec.doc.no. 18, be granted, dismissing the plaintiff's claims asserted against the defendants, with prejudice.

Signed in chambers in Baton Rouge, Louisiana, March 30, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**